AMERICAN STEEL & WIRE CO. v. DENNING WIRE & FENCE CO.

(Circuit Court of Appeals, Eighth Circuit.   April 10, 1909.)

No. 2,867.

1. PATENTS (§ 39*)—NOVELTY—USE OF NEW MEANS OF CONSTRUCTION.

The validity of a patent for a product or structure is not affected by the process or means by which it is made or whether it is made by hand or by machinery.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 39.*]

2. PATENTS (§ 328*)—INVENTION—WOVEN WIRE FENCE.

The Bates patent, No. 561,193, for woven wire fencing having parallel strand wires and a series of single plain stay wires connecting the strand wires together by being coiled at their end portions around the strand wires and intercoiled at their meeting ends, and in one form having the spaces between both the strand wires and stay wires graduated so as to form graduated meshes, in view of the prior art, is void for lack of invention.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Northern District of Iowa.

For opinion below, see 160 Fed. 125.

Thomas W. Bakewell and Paul Bakewell (Charles MacVeagh, on the brief), for appellant.

Thomas A. Banning (Grimm, Trewin & Moffitt and Banning & Banning, on the brief), for appellee.

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

PER CURIAM.  The Circuit Court adjudged that claims 1 and 3 of letters patent No. 561,193, issued on June 2, 1896, to Albert J. Bates, disclosed no patentable invention, and it dismissed a bill for their infringement.  The American Steel & Wire Company of New Jersey appealed, and its counsel have urged with great force and ability many reasons why in their opinion the decree should be reversed; but the opinion of Hon. Henry T. Reed (160 Fed. 125), the judge who rendered the decree in the court below, and the arguments of opposing counsel, have convinced that the decree was right, and that it must be sustained.  The opinion of Judge Reed sets forth the material facts in the case and the reasons for the decree so satisfactorily that it is approved and adopted as the opinion of this court.

Affirmed.